IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph Paugh, #343216, | ) | C/A No. 5:17-00381-HMH-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Cecilia Reynolds, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Joseph Paugh ("Petitioner") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 24, 25. On July 21, 2017, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the Summary Judgment Motion, dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 26. On November 6, 2017, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment. ECF No. 36. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 25, be granted because Petitioner filed his habeas Petition after the expiration of the one-year statute of limitations.

I.  Background

Petitioner is currently incarcerated in the Lee Correctional Institution ("LCI") of the

South Carolina Department of Corrections ("SCDC"). In 2009, Petitioner was indicted at the June term of the Greenville County Grand Jury for First-Degree Criminal Sexual Conduct with a Minor ("CSC") (2009-GS-23-8144). App. 5; 374-75.[1] Petitioner proceeded to a jury trial on October 14, 2010, before the Honorable D. Garrison Hill, Circuit Court Judge. App. 1. Petitioner was represented by Public Defender Christopher D. Scalzo, and Assistant Solicitor Bryna S. Seay represented the State. *Id.* The jury found Petitioner guilty of the CSC charge. App. 270. Judge Garrison sentenced Petitioner to 30-years imprisonment for the conviction and instructed that Petitioner be placed on the Sex Offender Registry upon his release. App. 274-75. Appellate Defender Dayne C. Phillips represented Petitioner on appeal and raised the following issue:

> Did the trial court abuse its discretion in allowing an expert witness to improperly vouch for a minor's veracity in a sexual abuse case against Appellant when no physical evidence was presented by the State and the minor's credibility was the critical determination of the case?

App. 277-91. Assistant Attorney General William M. Blitch filed a Response Brief on the State's behalf. App. 293-306. On December 19, 2012, the South Carolina Court of Appeals affirmed Petitioner's direct appeal in an unpublished/*per curiam* opinion. App. 318-19. On January 11, 2013, the South Carolina Court of Appeals remitted the matter to the Greenville County Clerk of Court. App. 320.

II. Procedural History

Petitioner filed an application for Post-Conviction Relief ("PCR") on November 13, 2013 (2013-CP-23-06153). App. 321-377. The State filed a Return on May 28, 2014. App 338-42. A PCR hearing was held on October 22, 2014, before the Honorable Letitia H. Verdin. App. 344.

---

[1] Citations to "App." refer to the Appendix for Petitioner's trial transcript, his appeal, and his claim for collateral relief in the state courts of South Carolina. That Appendix is available at ECF No. 24-1 in this habeas matter.

2

Petitioner was present and represented by Brian Johnson; Assistant Attorney General Karen Ratigan appeared for the State. *Id.* Petitioner and trial counsel Scalzo testified as witnesses during the PCR hearing. App. 345-362. In an Order of Dismissal filed December 19, 2014, the PCR court denied Petitioner's PCR Application in full, making the following findings of fact and conclusions of law:

> This Court has had the opportunity to review the record in its entirety and has heard the testimony and arguments presented at the PCR hearing. This Court has further had opportunity to observe each witness who testified at the hearing, and to closely pass upon their credibility. This Court has weighed the testimony accordingly.
>
> Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2013).
>
> Ineffective Assistance of Counsel
>
> The Applicant alleges he received ineffective assistance of counsel. In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002).
>
> For an applicant to be granted PCR as a result of ineffective assistance of counsel, he must show both: (1) that his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective performance. See Strickland v. Washington, 466 U.S. 668, 686 (1984); Porter v. State, 368 S.C. 378, 629 S.E.2d 353, 356 (2006). Regarding the first prong, the Applicant must in essence show that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985). In order to prove prejudice, an applicant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry v. State, 300 S.C. 115, 117-18, 386 S.E.2d 624, 625 (1989). A reasonable probability is "a probability sufficient to undermine confidence in the outcome of trial." Johnson v. State, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997) (citing Strickland, 466 U.S. at 686).
>
> Furthermore, the decisions and advice of trial counsel should be assessed for reasonableness under all the circumstances, with heavy deference given to counsel's judgment. Simpson v. Moore, 367 S.C. 587, 597, 627 S.E.2d 701, 706

3

(2006). A criminal defense attorney has a duty to conduct a reasonable investigation so that he may discover all reasonably available mitigation evidence, as well as any reasonably available evidence tending to rebut evidence produced by the state. McKnight v. State, 378 S.C. 33, 46, 661 S.E.2d 354, 361 (2008). There is a strong presumption that adequate assistance of counsel was rendered, and that reasonable care was exercised—particularly in the arena of professional judgments. Ard v. Catoe, 372 S.C. 318, 331, 642 S.E.2d 590, 597 (2007).

   a. Trial Counsel's failure to investigate the date(s) of the incident(s).

The Applicant asserts that trial counsel was ineffective because he did not pinpoint the date(s) of the alleged incident(s) of abuse. This particular argument was raised at the PCR hearing, while the application for relief merely raises a claim of failure to investigate.

The Applicant testified at the PCR hearing that the incidents giving rise to the charge allegedly occurred over a span of six years, from 1998 to 2004. He argues that this broad range of time prevented him from preparing a proper defense and consequently deprived him of the effective assistance of counsel.

The Applicant's trial counsel testified that the range of years was included in the original indictment that was presented to the Grand Jury. He further testified that, while he did not specifically recall this case, it is his standard practice to narrow the timeframe of the alleged incident(s) through communication with the Solicitor's Office, as well as witnesses.

This Court finds that the Applicant has failed to meet his burden of proving counsel was ineffective for failing to narrow down this timeframe. The evidence presented at the PCR hearing demonstrates that trial counsel conducted a reasonable investigation into the facts of the Applicant's case, as required by McKnight v. State, 378 S.C. at 46, 661 S.E.2d at 361. There was further no evidence that the result of the case would have been different had a different course of action been taken. This Court finds that trial counsel's investigation of the case and preparation for trial were reasonably effective under the prevailing professional norms of the legal community. Furthermore, the Applicant demonstrated no prejudice as a result of the date range use at trial.

   b. Trial Counsel's failure to seek an expert witness.

The Applicant argues that trial counsel was ineffective because he failed to seek and present an expert witness on Applicant's behalf. No testimony or other evidence was presented on this subject at the PCR hearing. The Applicant further has not demonstrated that, had an expert been called, the outcome of his trial

would have been different. Therefore, this Court finds that the Applicant has not met his burden of proving that counsel was ineffective in this manner.

      c. Trial Counsel's failure to object to the Assistant Solicitor's improper comment and failed to request a mistrial thereafter.

The Applicant asserts that trial counsel was ineffective because he failed to object and request a mistrial after the Assistant Solicitor asked the Applicant, "How do you look at yourself in the mirror, every day after what you did to your daughter?" (Trial Tr. 220.)

The Applicant testified that he believed this comment to be highly inflammatory and prejudicial. He argues that trial counsel's failure to object to this comment, to ask for a curative instruction to the jury, or to move for a mistrial constitutes ineffective assistance of counsel.

The Applicant's trial counsel testified that he recalled the comment and objected to it as soon as it was made. (See Trial Tr. 220.) Upon his objection the Assistant Solicitor withdrew the question and sat down. (Id.) Based on the Assistant Solicitor's actions, trial counsel did not in his judgment believe any further action was required.

This Court finds that in this instance it is appropriate to defer to trial counsel's professional judgment under Simpson v. Moore, 367 S.C. at 587, 627 S.E.2d at 706. As discussed in Simpson, an attorney's decisions relating trial strategy are entitled to a high level of deference by reviewing courts. Furthermore, as noted in Ard v. Catoe, there is a strong presumption that reasonably effective assistance was given, particularly where a professional judgment is under scrutiny. 372 S.C. at 331, 642 S.E.2s at 597. This Court finds that the Applicant has not overcome this presumption here. Trial counsel's decision not to draw further attention to the Assistant Solicitor's comment is, as a matter of trial strategy, reasonably effective. Therefore, the Applicant is not entitled to post-conviction relief on this basis.

      d. Trial Counsel's failure to argue that the State violated Rule 403 of the South Carolina Rules of Evidence.

The Applicant has not offered any evidence or argument on this subject. Therefore, this Court finds that the Applicant has not met his burden of proving either prong of Strickland's ineffective assistance standard in this respect.

      e. Trial Counsel's failure to object to the seating of a juror.

The Applicant claims that trial counsel was ineffective because he permitted a juror to be seated without knowing sufficient information about her.

Criminal defendants have a constitutional right to a fair and impartial jury. U.S. Const. amends. VI and XIV; S.C. Const, art I, § 14; State v. Woods, 345 S.C. 583, 587, 550 S.E.2d 282, 284 (2001). While the Sixth and Fourteenth Amendments provide a defendant with the constitutional right to a fair and impartial jury of his peers, this right does not entitle a defendant to handpick a jury. State v. Stanko, 376 S.C. 571, 576, 658 S.E.2d 94, 97 (2008).

The trial judge has a duty to ensure that a jury of fair, impartial, and unbiased jurors is impaneled. S.C. Code Ann. §§ 14-7-1010 -1020 (2014); State v. Powers, 331 S.C. 37, 43, 501 S.E.2d 116, 119 (1998). In order to identify any potential sources of bias, the trial judge must ask potential jurors whether they are aware of any bias or prejudice against a party—a process commonly known as *voir dire*. State v. Woode, 345 S.C. 583, 588, 550 S.E.2d 282, 284 (2001). A trial judge acts with discretion when he evaluates a prospective juror's competence. State v. Simpson, 325 S.C. 37, 41, 479 S.E.2d 57, 59 (1996). The trial judge's determination of the ability of a prospective juror to be neutral will not be disturbed on appeal in the absence of manifest error. DeLee v Knight, 266 S.C. 103, 111-12, 221 S.E.2d 822, 847 (1975).

The scope of *voir dire* and the manner in which it is conducted are within the sound discretion of the trial court. Stanko, 376 S.C. at 575, 658 S.E.2d at 96. Where the parties wish to ask potential qualified jurors about their specific views of a topic, they may do so only with the express permission of the trial court. Cf. id. "The Constitution, after all, does not dictate a catechism for *voir dire*, but only that the defendant be afforded an impartial jury." Id. at 576, 658 S.E.2d at 97. To overturn a conviction due to a *voir dire* error, the Applicant must show that the court's failure to ask or allow a certain examination rendered the defendant's trial fundamentally unfair. State v. Wise, 359 S.C. 14, 23, 596 S.E.2d 475, 479 (2004).

The Applicant testified at the PCR hearing that he did not know anything about a Juror 86, who was seated for his trial, because this juror had not properly turned in her juror information sheet prior to *voir dire*. The Applicant's trial counsel confirmed that there was no information in the jury packet concerning Juror 86, and the Court rectified this problem by conducting an oral examination of her in the courtroom. (See Trial Tr. 15.) At the conclusion of this examination, the Court determined that Juror 86 was qualified to serve. (Id.)

The Applicant's trial counsel further testified, based on the information revealed during this oral examination, that he did not believe it prudent to exercise a peremptory strike for Juror 86. Trial counsel stated that Juror 86 was the third juror presented, and he believed that he needed to save his strikes for future and

more compelling *voir dire* issues. Such a strategic decision is entitled to deference by this Court in accordance with Simpson v. Moore, 367 S.C. at 587, 627 S.E.2d at 706.

To the extent that the Applicant contends that he is entitled to PCR as a result of the trial court's oral examination of Juror 86, this Court finds that such relief is not merited. The trial court's oral examination of Juror 86, conducted on the record and in the presence of the Applicant, satisfies the constitutional requirements to ensure a fair and impartial trial by an unbiased jury. To the extent that the Applicant asserts that he is entitled to PCR because of trial counsel's failure to exercise a peremptory strike, this Court further finds that trial counsel's decision was within his discretion. Trial counsel's strategic decision does not demonstrate ineffective assistance of counsel such that it entitles the Applicant to post-conviction relief.

      f.   Trial Counsel's failure to advise the Applicant to testify.

A criminal defendant has a fundamental right to testify in his own defense, just as he has a right to remain silent. Rock v. Arkansas, 483 U.S. 44, 53 (1987). However, the right to present testimony is not without limitation. State v. Rivera, 402 S.C. 225, 242, 741 S.E.2d 694, 703 (2013) (citing Rock v. Arkansas, 483 U.S. at 55). The right may be limited to accommodate other legitimate interests in the criminal trial process. Id.

A criminal defendant also has the right to put in evidence of his good character, either by taking the stand or presenting character witnesses. State v Lyles, 210 S.C. 87, 91, 41 S.E.2d 625, 627 (1947). However, such evidence opens the door for the State to provide other evidence of the criminal defendant's character only for those traits focused on by the accused. State v. Major, 301 S.C. 181, 185, 391 S.E.2d 235, 238 (1990). Additionally, a criminal defendant is only permitted to provide evidence of "pertinent" character traits —those involved with the offenses charged. State v. Mizell, 332 S.C. 273, 277, 504 S.E.2d 338, 340 (Ct. App. 1998).

The Applicant claims that he told his attorney that he wished to testify at trial, and that he wished to be prepared for this testimony by his attorney. The Applicant asserted at his PCR hearing that he wanted to testify about his skill and competency as a father, but that trial counsel advised him against it and did not afford him an opportunity to discuss the subject at trial.

The Applicant's trial counsel testified that he recalled some discussion about the Applicant testifying, but believed that the suggested subject might lead to objections based on relevancy and would not help to assert a viable defense. The trial transcript reveals that the Applicant did testify in his own defense at trial. (Trial Tr. 206-20.) This testimony primarily focused on providing the Applicant's

version of events as well as general background for the jury's consideration. The Applicant did not testify on the subject of his capabilities as a father.

This Court finds that the Applicant's right to testify was respected, and a substantial amount of time during the trial was dedicated to this testimony. Before testifying, the trial court asked the Applicant several questions to make sure he understood the rights and considerations involved in his decision. (Trial Tr. 202-05.) The question of the scope of the Applicant's testimony was never raised during his trial. Additionally, the subjects of testimony that the Applicant raised during his PCR hearing appear to amount to character evidence about a nonpertinent trait. Such evidence would likely have been found to be inadmissible under Rule 401 of the South Carolina Rules of Evidence. Therefore, this Court finds that the Applicant has not shown that trial counsel's assistance in this matter was ineffective.

> g. Trial Counsel's failure to file a necessary petition with the South Carolina Court of Appeals.

This issue was not raised at the Applicant's PCR hearing. Furthermore, the Applicant has provided no indication of what particular petition or challenge should have been raised. In light of the absence of any evidence, this Court finds that the Applicant has not met his burden of proving that appellate counsel was ineffective.

Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test—that trial counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that trial counsel committed wither errors or omissions in his representation of the Applicant. This Court also finds that the Applicant has failed to prove the second prong of Strickland—that he was prejudiced by trial counsel's performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See Frasier, 351 S.C. at 389, 570 S.E.2d at 174.

## All Other Allegations

As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order, this Court finds the Applicant failed to present any testimony, argument, or evidence at the hearing regarding such allegations. Accordingly, this Court finds the Applicant has abandoned any such allegations.

## CONCLUSION

> Based on all the foregoing, this Court finds that the Applicant has not established any constitutional violations or deprivations before or during his trial and sentencing proceedings. Counsel was not deficient and the Applicant was not prejudiced by Counsel's representation. Furthermore, this Court finds no evidence of prosecutorial misconduct. Therefore, this PCR application must be denied and dismissed with prejudice.
>
> This Court advises the Applicant that he must file a notice of intent to appeal within thirty (30) days from the receipt of this Order if he wants to secure appellate review. His attention is also directed to Rules 203, 206, and 243 of the South Carolina Appellate Court Rules for the appropriate procedures to follow after notice of intent to appeal has been timely filed.
>
> IT IS THEREFORE ORDERED:
>
> 1. This application for post-conviction relief be denied and dismissed with prejudice.
>
> 2. The Applicant be remanded to the custody of the Respondent.

App. 363-373. Appellate Defender John H. Strom represented Petitioner in his Petition for Writ of Certiorari and presented the following issue for review:

> Whether Petitioner's Sixth Amendment rights to effective assistance of counsel were violated where the PCR court erroneously ruled that defense counsel offered a strategic reason for failing to move for a mistrial based upon the solicitor's deliberately inflammatory single question cross-examination of Petitioner when defense counsel could not recall why he did not move for a mistrial, thus, there was no evidence to support the ruling of the PCR court?

ECF No. 24-2. Senior Assistant Deputy Attorney Karen Ratigan filed the State's Return. ECF No. 24-3. On November 9, 2016, the South Carolina Supreme Court denied the Petition for Certiorari, ECF No. 24-4, and on November 29, 2016, the appellate court remitted the matter to the lower court, ECF No. 24-5. The Clerk of Court for Greenville received the Remittitur on December 15, 2016. *See id.* Petitioner filed his federal habeas petition on February 6, 2017. ECF No. 1-2 at 2.

III. Discussion

A. Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the

court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

      B.  Habeas Corpus Statute of Limitations

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Further, the AEDPA provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D). The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

    IV.    Analysis

      A.  Petitioner's Application Is Time-Barred

Respondent argues that Petitioner's habeas Petition should be dismissed because all of Petitioner's claims are barred by the statute of limitations. ECF No. 24 at 10-12. Petitioner does not specifically respond to the timeliness argument.[2] ECF No. 36.

As stated above, the AEDPA provides that "[a] 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The time limit begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The United States Supreme Court recently interpreted the two prongs of 28 U.S.C. § 2244(d)(1)(A) as follows:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).

A review of the record indicates Petitioner's federal habeas Petition was not timely filed. As previously summarized, Petitioner filed a merits-based appeal of his sentence and conviction with the South Carolina Court of Appeals. Thereafter, the appellate court affirmed Petitioner's

---

[2] The undersigned also notes that Petitioner did not offer an explanation regarding the statute of limitations issue in his Petitioner. ECF No. 1 at 17.

sentence and conviction on December 19, 2012. App. 318. Pursuant to the Supreme Court case of *Gonzalez*, 565 U.S. at 154, Petitioner's conviction and sentence became final under § 2244(d)(1)(A) "when the time for seeking [review in the State's highest court] expire[d]." To pursue review with the South Carolina Supreme Court by petitioning for a writ of certiorari, Petitioner was required to first petition the Court of Appeals for rehearing. *See* Rule 242(c), South Carolina Appellate Court Rules ("SCACR") (providing that a decision of the Court of Appeals "is not final for the purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals."). Because Petitioner did not file a Petition for Rehearing, his conviction became final on January 3, 2013, after the 15-day time period for filing a petition for rehearing had expired. *See* Rule 221(b), SCACR (stating that petitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court).

Petitioner's filing of his PCR Application on November 13, 2013, tolled the one-year limitations period, *see* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). At the time of the PCR filing, 314 days had elapsed since the final disposition of Petitioner's direct appeal, leaving 51 days within which Petitioner could timely file a federal habeas petition. Petitioner's one-year statute of limitations was tolled while Petitioner's PCR was pending. According to *Beatty v. Rawski*, 97 F. Supp. 3d 768, 774 (D.S.C. 2015), *appeal dismissed*, 633 F. App'x 832 (4th Cir. 2016), under South Carolina law, "the final disposition of an appeal does not occur until after the remittitur is filed in the circuit court. . . ." Here, the PCR Remittitur was stamped as

filed with the Greenville County Clerk of Court's Office on December 15, 2016. ECF No. 24-5. By the undersigned's calculation, Petitioner had until Friday, February 4, 2017, to timely file a federal habeas petition. Here, Petitioner did not initiate federal habeas corpus proceedings until February 6, 2017, when he delivered his Petition to the LCI Mailroom. *See* ECF No. 1-2 at 2. Therefore, Petitioner was 2 days late in filing the present action. Petitioner's habeas Petition is untimely under 28 U.S.C. § 2244(d) and, therefore, should be dismissed.

      B. The Statute of Limitations and Equitable Tolling

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330. The respondent bears the burden of asserting the AEDPA's statute of limitations, *Hill v. Braxton*, 277 F.3d 701, 705-06 (4th Cir. 2002); the petitioner then bears the

burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable-tolling doctrine, *Rouse*, 339 F.3d at 246.

In 2010, the United States Supreme Court considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005) (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418)).

The undersigned finds that Petitioner has not presented evidence of an extraordinary circumstance that was beyond his control that prevented him from filing a timely habeas petition. Therefore, this court finds that Petitioner has failed to demonstrate grounds for equitable tolling because Petitioner has failed to meet his burden of proving either that he is actually innocent or an extraordinary circumstance prevented him from timely filing a petition for habeas review. *See Holland*, 560 U.S. at 649 (requiring that a petitioner must have "been pursuing his rights diligently, and. . . some extraordinary circumstance stood in his way" to prevent timely filing). Accordingly, equitable tolling of the statute of limitations is not merited. Based upon the foregoing, the Petition was not timely filed, and it is barred by Section 2244(d)(1).[3]

---

[3] Because the court finds that the statute of limitations bars Petitioner's § 2254 Petition, it is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

V.      Conclusion and Recommendation

Therefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 25, be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

November 9, 2017  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**