IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Joseph Paugh, #343216, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 5:17-0381-HMH-KDW |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Cecilia Reynolds, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil

Rule 73.02 of the District of South Carolina.[1]  Joseph Paugh ("Paugh") is a pro se state prisoner

seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  In her Report and Recommendation,

Magistrate Judge West recommends granting Respondent's motion for summary judgment and

denying Paugh's petition because the petition is untimely and he has failed to demonstrate

grounds for equitable tolling.

Paugh filed objections to the Report and Recommendation.  Objections to the Report and

Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a

party's right to further judicial review, including appellate review, if the recommendation is

accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court.  See Mathews v. Weber, 423
U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those
portions of the Report and Recommendation to which specific objection is made.  The court may
accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge
or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

1984).  In the absence of <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  <u>See</u> <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Paugh's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  However, the court was able to glean one specific objection.  Paugh objects that the magistrate judge erred in finding that the one-year statute of limitations period tolled when Paugh filed his PCR application on November 13, 2013.  (R&R 13, ECF No. 37.)  Paugh contends that he filed his PCR application on April 8, 2013, but the clerk did not submit the application until November 13, 2013, because the application to proceed without payment of costs and affidavit in support thereof were not attached.  (Objs. 2, ECF No. 39.)

Paugh's objection is without merit.  Pursuant to 28 U.S.C. § 2244(d)(2), to toll the one-year statute of limitations for filing of federal habeas claims, Paugh's PCR application must have been "properly filed."  <u>Pettinato v. Eagleton</u>, 466 F. Supp. 2d 641, 647 (D.S.C. 2006).

> [A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

<u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000); <u>see also</u> <u>McSheffrey v. Angelone</u>, No. 98-6519, 1999 WL 89403, at *2 (4th Cir. Feb. 23, 1999) (unpublished) ("A state application is properly filed if it complies with the state procedural requirements for successive collateral attacks on a conviction, such as timeliness and proper place of filing.").

Paugh's PCR application was not filed with the requisite filing fee or application to proceed without payment of costs and affidavit in support thereof. (Objs. 2, ECF No. 39.) Thus, Paugh's PCR application was not "properly filed" on April 18, 2013, to toll the one-year statute of limitations for the filing of his habeas petition claim. Paugh's PCR application was properly filed on November 13, 2013. Based on the foregoing, Paugh's § 2254 petition is untimely. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge West's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 25, is granted and the petition, docket number 1, is denied. It is further

**ORDERED** that a certificate of appealability is denied because Paugh has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

> s/Henry M. Herlong, Jr.
> Senior United States District Judge

Greenville, South Carolina
November 30, 2017


### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.