IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Joseph Paugh, #343216, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 5:17-0381-HMH-KDW |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Cecilia Reynolds, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Joseph Paugh's ("Paugh") supplement to his objections, which the court construes as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons set forth below, the court denies Paugh's motion.

On November 9, 2017, Magistrate Judge West recommended granting Cecilia Reynolds' ("Reynolds") motion for summary judgment and denying Paugh's 28 U.S.C. § 2254 petition. (R&R, ECF No. 37.) Paugh filed objections to the Report and Recommendation on November 29, 2017. (Objs. R&R, ECF No. 39.) After full consideration of Paugh's objections, the court adopted the Report and Recommendation and granted Reynolds' motion for summary judgment and denied Paugh's 28 U.S.C. § 2254 petition in an order dated November 30, 2017. (Nov. 30, 2017 Order, ECF No. 41.) Paugh filed a supplement to his objections to the Report and Recommendation that were stamped received by the prison mailroom on December 13, 2017. (Mot. Alter or Amend Ex. 2 (Envelope), ECF No. 44-2.) The court construes Paugh's supplement to his objections as a motion to alter or amend the judgment.

1

A motion to alter or amend the judgment under Rule 59(e) may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . ." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal citation and quotation marks omitted).

Upon review, Paugh does not identify an intervening change in controlling law, new evidence, or any clear error of law made in the court's earlier judgment. Paugh argues that the one-year limitations period should have been tolled on October 16, 2013, the date his application to proceed without payment of costs and affidavit in support thereof ("application") was notarized. (Mot. Alter or Amend Ex. 1 (Verification and Application), ECF No. 44-1.) However, the date his application was properly filed pursuant to 28 U.S.C. § 2244(d)(2) was November 13, 2013, when the application was stamped and received by the Clerk of Court for Greenville County, South Carolina. (Return and Mem. Pet. Writ of Habeas Corpus Attach. 1 (State Ct. Docs. 321-77, ECF No. 24-1.)  Based on the foregoing, the court finds that Paugh has made no showing of error in the court's November 30, 2017 Order. Therefore, Paugh's motion is denied.

It is therefore

**ORDERED** that Paugh's supplemental objections, which the court construes as a motion to alter or amend the judgment, docket number 44, is denied.

**IT IS SO ORDERED.**

                                          s/Henry M. Herlong, Jr.
                                          Senior United States District Judge

Greenville, South Carolina
December 19, 2017

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.