IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Joseph Paugh, #343216, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 5:17-0381-HMH-KDW |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Cecilia Reynolds, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Joseph Paugh's ("Paugh") supplement to his objections, which the court construes as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons that follow below, the court denies Paugh's motion.

On November 9, 2017, Magistrate Judge West recommended granting Cecilia Reynolds' ("Reynolds") motion for summary judgment and denying Paugh's 28 U.S.C. § 2254 petition. (R&R, ECF No. 37.) Paugh filed objections to the Report and Recommendation on November 29, 2017. (Objs. R&R, ECF No. 39.) After full consideration of Paugh's objections, the court adopted the Report and Recommendation, granted Reynolds' motion for summary judgment, and denied Paugh's 28 U.S.C. § 2254 petition in an order dated November 30, 2017. (Nov. 30, 2017 Order, ECF No. 41.) On December 13, 2017,[1] Paugh filed a supplement to his objections to the Report and Recommendation that the court construed as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Mot. Alter or Amend J., ECF No. 44.) On December 19, 2017, the

---

[1] Houston v. Lack, 487 U.S. 266 (1988).

1

court denied Paugh's Rule 59(e) motion. (Dec. 19, 2017 Order, ECF No. 45.) On January 19, 2018,[2] Paugh filed the instant supplement to his objections to the Report and Recommendation. (Mot. Relief J., ECF No. 47.) The court construes the instant supplement as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. This matter is ripe for consideration.

Rule 60(b) "invest[s] federal courts with the power in certain restricted circumstances to vacate judgments whenever such action is appropriate to accomplish justice." Compton v. Alton S.S. Co., 608 F.2d 96, 101-02 (4th Cir. 1979) (internal quotation marks omitted). "The remedy provided by the Rule, however, is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Id. at 102. In this motion, Paugh realleges that his § 2254 petition was timely. (Mot. Relief J. 1-2, ECF No. 47.)

As the court noted in its November 30, 2017, and December 19, 2017 orders, in the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The court fully considered Paugh's specific objections to the Report and Recommendation and found that they were without merit. Further, Paugh's contention that his § 2254 petition is timely is not supported by the record. Based on the foregoing, Paugh's motion for relief from judgment is denied.

---

[2] See id.

It is therefore

**ORDERED** that Paugh's supplemental objections, which the court construes as a motion for relief from judgment, docket number 47, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 24, 2018

## NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.